Smith, J.
The question in this case arises as to the construction of the provisions of section 907b of the Revised Statutes.
The conceded facts are these: that on the 2nd of September, 1871, Archer recorded a judgment against Hicks, by the consideration of a justice of the peace of this county for $170 and costs of suit. That in 1872 a transcript of* th.e docket in such case was filed in the office of the clerk of the court of common pleas of this county for execution. That an execution was issued thereon in July, 1872, and a levy made on that estate of Hicks, which was sold by the sheriff, and the sum of $102, realized therein, which was applied *471 towards the payment of said judgment,leaving a balance due thereon on July 31, 1872, of $68. That in 1884 the records of the court of common pleas of said county of Hamilton were destroyed by fire; that search was made in the office of the clerk of ’sheriff of said county for some record as to the issue of said execution, and the return thereon, but owing to the destruction of the records of said office by fire in March, 1884, no such record can be found. On June 24, 1897, this suit was brought before Ganzert,J.P.,to recover the amount claimed to be due on the original judgment after the payment of $102, and judgment was rendered for the balance.
W. A, Hides, for Plaintiff in Error.
C. C. Archer, for Defendant in Error.
Section 907b provides:
“Nor shall any judgment, the record whereof has been destroyed as aforesaid, be held binding and in force against the judgment debtor, or be executed, unless the action or proceeding to establish the existence of such judgment prior to the destruction of the record thereof, shall begin within five years from the passage of this act,’’ (April 12,1884.)
There was nothing shown tending to prove that any such proceeding was ever commenced to establish the existence of any judgment in favor of Archer v. Hicks in the common pleas court. And the claim is that under this provision of the statute no right to recover on this claim exists — that Hicks is not now liable thereon, though the original judgment on the magistrate’s docket was never destroyed, and was offered in evidence on the trial, -
We are of the opinion that this claim is notjwell founded. There never was a judgment rendered on this claim in the court of common pleas. It was rendered by the justice of the peace, and the record of it never was destroyed. It is true that under the provisions of our statute, a transcript of this judgment was filed in the office of the clerk of the court of common pleas, and entered upon the execution docket, and an execution issued thereon,but this was simply to execute the judgment of the justice of the peace, and there was no record of the judgment of the court of common pleas, finding an amount due from Hicks to Archer which had to be restored. It does not come within the letter of section 907b, or its spirit, and the judgment of the common pleas affirming the judgment of the jus’ice will be affirmed.